Curia, per

Frost, J.
The defendant was the owner of a mill dam, at the eastern end of which is situated the mill. A public road passes over and along a part of the dam; and, descending, is continued along and near it to the rising ground on the west. The dam being endangered by a great flood in the spring of 1841, the defendant, to prevent a breach, cut it towards the west end. The rush of water washed the road into deep gullies and rendered it impassable. For this nuisance to the road, the defendant was indicted at common law, and not under the Act of 1825. The presiding Judge instructed the jury that if the dam had been broken, the defendant would not have been liable, but since the injury was the consequence of his act, in cutting the dam, the defendant was liable. The defendant, assuming that if the dam had been broken by the flood, and the public road injured, he would not have been liable, applies for a new trial, on the ground, that the breach was inevitable, and he was, therefore, not liable for anticipating a breach by cutting the dam. The facts of the case do not require an opinion respecting the liability of the defendant, if a breach had been made in that part of the bank over which the road passes. The general liability of the owner of a mill dam along and near *695 which a public road passes, for any injury to the road by the cutting or breaking of the dam, will be decided, and illustrated in its application to this case, by supposing a breach in the dam, at the place where the defendant cut it. The road was there a short distance from the dam.
The common law, while it protects the rights of the owners of the adjacent lands to the soil and water of a river, renders that right subordinate to the public convenience. 3 Kent Com. 411. In the application of this principle, an owner of the soil and adjacent land of a navigable stream is liable for an injury to the navigation caused by a structure he may erect. Nor would his liability be discharged by shewing that during the continuance of the usual depth of water in the stream, which greatly fluctuated, no inconvenience was experienced. The public has a right to the unimpaired use of the river in all stages of water. So, if by such structure a bar was formed in the stream, it would be no justification of the nuisance that it was not formed by the ordinary current of the river, but had been caused by freshets, particularly if the stream were liable to freshets. In like manner and to as great extent, the rights of the owner of the soil are subject to those of the public in the enjoyment and use of roads. “Thus if a road is so foundrous and out of repair as to become impassable or dangerous or incommodious, the public have a right to go on the adjacent ground; and it makes no difference whether such ground be sown with wheat or not.” Russ, on Cri. vol. 1, 309; and “if the owner of lands not enclosed, adjoining to a highway, encloses his lands on both sides, he is bound to make a perfect, good way, as long as the enclosure lasts ; and is not excused by shewing that he has made the way as good as it was at the time of the enclosure, because, if it was then defective, the public might have gone on the adjacent land.” Russ. 326; Rex vs. Stoughton, 2 Saund. 159, note; Steel vs. Prickett and others, 2 Stark. 469, These authorities are merely cited to illustrate the extent of the subjection of private right to public convenience, and shew that the owner of the soil is bound to repair any injury or loss the public may sustain in the use of a highway, by any improvement or structure he may make on his land. A mill dam should *696 form no exception to this principle. It is built to obstruct the natural flow of the water and accumulate it for the use of the owner, and is subject to frequent overflow and breach unless the excess of water be vented. The owner must be liable for any injury to a public way by such collection of water, whether the excess is vented by a waste-way, or, through its insufficiency, by a breach in the dam. In both cases the damage is caused by the dam’s obstructing the natural flow of the water and thereby giving it a mischievous force. But the verdict may well be supported by the instruction of the presiding Judge, that if the road was injured by the act of the defendant, for his own benefit, to prevent a breach, he was liable ; and that he was not excused by the allegation that if the dam had not been cut, it would have broken in another place, and the road injured to as great or a greater degree. The act of the defendant was the immediate cause of the injury to the road, and completed the offence; and he cannot exculpate himself by speculations or conjecture as to what might have happened if he had omitted the act charged against him. Besides, the defendant was bound to provide a sufficiént waste-way by which the excess of water might have been discharged gradually and without damage. By such means the breach would have been prevented. To permit him to excuse himself by the probability of a breach, is, therefore, to give him a benefit from his neglect.
The motion is refused.
Richardson, O’Neall, Evans, Butler, and Wardlaw, JJ. concurred.